UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KEVIN KENDELL BOONE,

          Petitioner,         Case No. 1:22-cv-512

v.                                    Honorable Phillip J. Green

JOHN DAVIDS,

          Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, it appears that the

petition is barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

## Discussion

### I. Factual Allegations

Petitioner Kevin Kendell Boone is incarcerated with the Michigan Department of Corrections at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. On June 15, 2012, Petitioner pleaded guilty in the Genesee County Circuit Court to one count second-degree fleeing and eluding, in violation of Mich. Comp. Laws § 257.602a(4), and one count of armed robbery, in violation of Mich. Comp. Laws § 750.529.[1] On July 23, 2012, the court sentenced Petitioner as a second habitual offender, Mich. Comp. Laws § 769.10, to concurrent prison terms of 7 to 15 years for fleeing and eluding and 20 to 40 years for armed robbery. Those sentences, in turn, were to be served consecutively to a sentence of 1 year, 2 months to 20 years for which Petitioner was on parole at the time he committed the armed robbery.

The trial court register of actions indicates that the court sent Petitioner the paperwork that would permit him to obtain appointed counsel and to file an

---

[1] The information regarding proceedings in the trial court is taken from the petition as well as the Genesee County Circuit Court register of actions for Petitioner's case, available at http://www.co.genesee.mi.us/roaccsinq/default.aspx (search Case # 11 029905, last visited June 9, 2022).

application for leave to appeal the judgment; however, Petitioner did not attempt to file an appeal. (Pet., ECF No. 1, PageID.2.)

On June 3, 2022, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner states that he placed his petition in the prison mailing system on June 7, 2022, and he purportedly signed the petition that same date. (Pet., ECF No. 1, PageID.13–14.) Nonetheless, the Court received the petition in the mail on June 7, 2022, in an envelope posted on June 3, 2022. For the purposes of this preliminary review, the Court will use a filing date of June 3, 2022, the earliest possible filing date supported by the information presently before the Court.

## II. Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

3

    the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

  **A.**  **Finality of the judgment**

  In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner did not appeal the judgment of conviction to the Michigan Court of Appeals or the Michigan Supreme Court. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (discussing that the time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" (emphasis added)). Petitioner had six months, until January 23, 2013, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* Mich. Ct. R. 7.205(G)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired. *See*

4

*Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under Mich. Ct. R. 7.205(F)(3), the section that set the deadline prior to Mich. Ct. R. 7.205(G)(3), expired); *see also Gonzalez v. Thaler*, 565 U.S. 134, 152–53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review).

Petitioner had one year after his petition became final, or until January 23, 2014, in which to file his habeas petition. Obviously, he filed more than one year— in fact, more than eight years—after the time for direct review expired. Thus, to the extent the period of limitation is triggered by finality of the state-court judgment, absent tolling, his application is time-barred.

**B.     Statutory tolling**

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner identifies only one application for post-conviction review: a motion for relief from judgment. (Pet., ECF No. 1, PageID.3.) Petitioner reports the date of filing as "2021." (*Id.*) The register of actions, however, discloses that Petitioner filed months earlier on July 22, 2020. Genesee Cnty. Register of Actions,

5

http://www.co.genesee.mi.us/roaccsinq/default.aspx (search Case # 11 029905, visited June 9, 2022).

Once tolled by the filing of an application for collateral review, the running of the period of limitation remains tolled until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332. The Genesee County Circuit Court denied Petitioner's motion on May 24, 2021. Petitioner then sought leave to appeal in the Michigan Court of Appeals and the Michigan Supreme Court. Those courts denied leave by orders entered October 15, 2021, and May 3, 2022, respectively. *See* https://www.courts.michigan.gov/c/courts/coa/case/357718 (last visited June 9, 2022).

But the tolling provision does not "revive" the limitations period; it does not "restart the clock . . . it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotes omitted). When the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." *Id.* Thus, Petitioner's motion for relief from judgment, filed on July 22, 2020, because it was filed years after the period of limitation expired, would not render the present petition timely absent some other tolling of the period of limitation.

Although Petitioner does not identify any other collateral attacks on the judgment of conviction, there is another motion reflected in the register of actions that should be addressed. On May 16, 2013, about four months after Petitioner's

6

judgment became final, a party filed a document titled "motion for modification of restitution." Genesee Cnty. Register of Actions, http://www.co.genesee.mi.us/roaccsinq/default.aspx (search Case # 11 029905, last visited June 9, 2022). It is not clear whether the motion was filed by Petitioner or the prosecutor. Moreover, there is nothing in the register of actions indicating that the motion was resolved.

If that motion were considered "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . .", 28 U.S.C. § 2244(d)(2), and if Petitioner were the moving party, the filing of the motion would toll the period of limitation and, to the extent it remained unresolved, its pendency would render the petition timely. The courts in this circuit, however, have routinely concluded that motions relating only to restitution do not toll the period of limitation under the statute. *See, e.g.*, *Ruza v. Mich. Dep't of Corr.*, No. 1:20-cv-808, 2021 WL 3640067, at *6 (W.D. Mich. Jul. 9, 2021) (concluding that motion attacking attempts to collect restitution did not toll the limitation period under § 2244(d)(2)); *Liptrot v. Horton*, No. 2:18-cv-13126, 2019 WL 2295370, at *2 (E.D. Mich. May 28, 2019) (stating that "Petitioner's motion to modify restitution did not toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2) because the motion did not seek a judicial reexamination of the judgment of conviction"); *Parks v. Miller*, No. 2:12-cv-1135, 2013 WL 3867804, at *3 (S.D. Ohio Jul. 25, 2013), *rep. and recommendation adopted*, 2013 WL 4457126 (Aug. 20, 2013) (concluding that motion to vacate or modify restitution order did not toll the running of the statute of

limitations because it did not "challenge[] or otherwise [seek] review of Petitioner's conviction or sentence"); *see also Thibodaux v. Reeves*, No. 19-2241, 2021 WL 4192091, at *1 (E.D. La. Sept. 15, 2021) (finding that a petitioner's motion regarding restitution does not toll the limitations period when the habeas petition does not raise a challenge to the restitution ordered by the judgment, citing cases from several district courts in other circuits). To the extent Petitioner filed the restitution motion, and to the extent it remains unresolved, the undersigned concludes that it is not an application that would allow tolling under 28 U.S.C. § 2244(d)(2).

### C. Equitable tolling

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have

been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

### D. Actual innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327) (addressing actual innocence as an exception to procedural default). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations. His petition therefore appears to be time-barred under 28 U.S.C. § 2244(d)(1).

### E. Other limitations period commencement dates

Although the petition appears to be late under § 2241(d)(1)(A), that "subsection . . . provides one means of calculating the limitation with regard to the 'application' as a whole . . . judgment), but three others . . . require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate)." *Pace*, 544 U.S. at 416 n.6. In every case the court must determine the date provided by § 2244(d)(1)(A), and then evaluate whether it is later than the dates provided by subparagraphs (B), (C), or (D) if those subparagraphs are applicable to one or more of the claims raised in the application. Therefore, the Court must consider Petitioner's habeas grounds when evaluating timeliness based on the other subsections. Petitioner offers six grounds to support his request for habeas relief, paraphrased as follows:

I. Due process entitles Defendant to a new trial where the court incorrectly scored Defendant's guidelines.

II. Because the prosecutor withheld evidence, Defendant is entitled to a new trial.

III. Trial counsel rendered ineffective assistance when he failed to conduct a basic pre-trial investigation, therefore Defendant is entitled to a new trial.

    IV.    Trial counsel rendered ineffective assistance when he failed to call forth defense witnesses, therefore Defendant is entitled to a new trial.

    V.    The court denied Defendant court-appointed appellate counsel; the right of access to the courts entitles Defendant to a new trial.

    VI.    The court accepted Defendant's plea of guilty even though Defendant's description of his actions was not supported by the charges/offense to which he pleaded guilty, therefore due process entitles Defendant to a new trial.

(Pet., ECF No. 1, PageID.5–11.)

### 1.    Guidelines scoring

Petitioner's guidelines scoring issue (habeas ground I) relates to the court's use of facts that were neither admitted by Petitioner nor found by a jury to score an offense variable that was used to determine Petitioner's minimum sentence under the Michigan sentencing guidelines. Petitioner's state court briefs note that the Michigan Supreme Court's decision in *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), changed the propriety of looking to facts other than facts admitted by the defendant or found by a jury to set a minimum sentence when guidelines are mandatory. (ECF No. 1-1, PageID.41.) Until *Lockridge*, however, the Michigan courts had concluded that Michigan's guidelines scheme was not mandatory and, therefore, it was constitutionally proper to rely on judge-found facts. *People v. Herron*, 845 N.W.2d 533 (Mich. Ct. App. 2013). Ultimately, however, what the Michigan Court of Appeals or Michigan Supreme Court said about the issue is immaterial because the statute provides for an alternative start date for the running of the statute of limitations only based upon when the "constitutional right asserted

was initially recognized by the [United States] Supreme Court . . . ." 28 U.S.C. § 2244(d)(1)(C).

Although Petitioner does not point to any new Supreme Court authority in his petition, both the *Herron* court and the *Lockridge* court were wrestling with the proper application of the Supreme Court's holding in *Alleyne v. United States*, 570 U.S. 99 (2013). In *Alleyne*, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), and determined that judicial factfinding that increases the mandatory minimum sentence for a crime is not permitted under the Sixth Amendment. The *Alleyne* decision was issued on June 17, 2013, about five months after Petitioner's judgment became final. There is little doubt that *Alleyne* expanded the Sixth Amendment's protection to cover a circumstance that the amendment did not cover before. But recognition of a new right is not the only requirement for the later period of limitation start date under § 2244(d)(1)(C). Petitioner must also show that the new right was "made retroactively applicable to cases on collateral review . . . ." 28 U.S.C. § 2244(d)(1)(C). In *In re Mazzio*, 756 F.3d 487 (6th Cir. 2014), the Sixth Circuit held that "*Alleyne* does not apply retroactively to cases on collateral review." *Mazzio*, 756 F.3d at 491. Accordingly, § 2244(d)(1)(C) does not offer a later period of limitations start date for Petitioner's first habeas ground.

### 2. *Brady* violation

Petitioner's second habeas ground asserts that the prosecutor withheld material evidence favorable to the defense in violation of the Fourteenth Amendment and *Brady v. Maryland*, 373 U.S. 83 (1963). (ECF No. 1-1, PageID.43–45.) It is certainly possible that a *Brady* violation might function as an impediment that could

prevent a defendant from raising a collateral attack. *See, e.g., United States v. Cottage*, 307 F.3d 494, 499–500 (6th Cir. 2002) (considering the argument that a *Brady* violation impeded the filing of a collateral attack on a federal conviction). But, here, Petitioner claims the prosecutor withheld an agreement between the prosecutor and Judy Quaderer, who was with Petitioner when he was arrested. At the final preliminary examination, Ms Quaderer testified against Petitioner and reported that she made an agreement with the prosecutor's office that she would not be charged so long as she testified against Petitioner. (ECF No. 1-1, PageID.38.)

Petitioner's argument reveals that he was aware of the existence and key terms of such an agreement—and the prosecutor's failure to provide the agreement during discovery, if the agreement had been memorialized—long before he entered his plea. Moreover, Petitioner had every opportunity to explore the terms of the agreement with Ms. Quaderer while she was under oath at the preliminary examination. These circumstances eviscerate Petitioner's *Brady* claim. *Cottage*, 307 F.3d at 500 ("Because *Brady* is concerned only with cases in which the government possesses information that defendant does not have, the government's failure to disclose potentially exculpatory information does not violate *Brady* where a defendant 'knew or should have known the essential facts permitting him to take advantage of any exculpatory information' or where the evidence is available to defendant from another source."). But the circumstances also reveal that Petitioner was, or should have been, fully cognizant of the potential *Brady* claim even before his judgment became final. Thus the *Brady* violation itself, if any, did not impede Petitioner's ability to raise the

13

*Brady* claim and the running of the period of limitation is not extended under § 2244(d)(1)(B).

### 3. Failure to appoint appellate counsel

Petitioner also complains that the trial court failed to appoint appellate counsel (habeas ground V). There is nothing in the Genesee County Circuit Court register of actions that suggests Petitioner sought the appointment of appellate counsel—at least there is nothing that appears before the judgment became final. There is an entry on April 9, 2013, that is described as an order denying appointment of appellate counsel. Genesee Cnty. Register of Actions, http://www.co.genesee.mi.us/roaccsinq/default.aspx (search Case # 11 029905, last visited June 9, 2022). Petitioner notes that he made that request during April of 2013 and that it was denied as untimely. (ECF No. 1-1, PageID.49.)

Petitioner suggests that he signed and turned in "the Notice of Appeal form" at the time he was sentenced. (*Id.*) It may be that Petitioner misunderstood what he was signing, because the register of actions reflects a document signed by Petitioner at sentencing; but the entry indicates it is an acknowledgement of receipt of the appeal forms, not the forms themselves. Genesee Cnty. Register of Actions, http://www.co.genesee.mi.us/roaccsinq/default.aspx (search Case # 11 029905, last visited June 9, 2022).

By April of 2013, however, when the trial court denied, as too late, Petitioner's request to appoint counsel, Petitioner was fully aware that he had been denied appellate counsel. To the extent that Petitioner was unaware of that fact before that date, he might be entitled to a later period of limitations start date under 28 U.S.C.

§ 2244(d)(1)(D). But it would only extend his period of limitations on this claim and only for about three months. Those three months would not suffice to render Petitioner's claim timely.

### 4. Other claims

Petitioner's two ineffective assistance of counsel claims (habeas grounds III and IV), and his claim that the plea was not factually supported (habeas ground VI), do not fall within any subparagraph of § 2244(d)(1) other than (A).

### Conclusion

The petition appears to be late, several years late. The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An order consistent with this opinion will be entered.

Dated:  June 14, 2022                    /s/ Phillip J. Green
                                                                                       PHILLIP J. GREEN
                                                                                       United States Magistrate Judge